# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-789V
Filed: November 9, 2018
UNPUBLISHED

| | |
|---|---|
| JASON KAHN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Franklin John Caldwell, Jr.*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

　　On June 13, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on November 5, 2016. Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

　　On March 1, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On November 9, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $69,440.59

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

comprised of $67,500.00 for pain and suffering, and $1,940.59 for past unreimbursable expenses.  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $69,440.59 in the form of a check payable to petitioner, Jason Kahn.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JASON KAHN,    )<br>                )<br>    Petitioner,    )<br>                )   No. 17-789V<br>v.              )   Chief Special Master Dorsey<br>                )   ECF<br>SECRETARY OF HEALTH AND HUMAN    )<br>SERVICES,       )<br>                )<br>    Respondent.    )<br>                ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 13, 2017, Jason Kahn ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on November 5, 2016. Petition at 1-3. On February 27, 2018, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation on March 1, 2018. ECF No. 29; ECF No. 31.

**I.    Items of Compensation**

   A.    Pain and Suffering

Respondent proffers that Jason Kahn should be awarded $67,500.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents Jason Kahn's expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,940.59, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

**II.**    **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Jason Kahn should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $69,440.59, representing compensation for pain and suffering ($67,500.00), and past unreimbursable expenses ($1,940.59), in the form of a check payable to petitioner, Jason Kahn.

**III.**    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Jason Kahn:    **$69,440.59**

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                              HEATHER L. PEARLMAN
                              Assistant Director
                              Torts Branch, Civil Division

                              s/ Sarah C. Duncan
                              Sarah C. Duncan
                              Trial Attorney
                              Torts Branch, Civil Division
                              U.S. Department of Justice
                              P.O. Box 146
                              Benjamin Franklin Station
                              Washington, D.C. 20044-0146
                              Tel:  (202) 514-9729
                              Fax:  (202) 616-4310

DATED:  November 9, 2018